IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **STEPHANIE SANTIAGO,** ) <br> ) <br> **DONNA CHRISTIAN GALEAS UMANA,** ) <br> ) <br> **Plaintiffs** ) <br> ) <br> v. ) <br> ) <br> **GREENSPRING VILLAGE, INC.** ) <br> ) <br> and ) <br> ) <br> **ERICKSON SENIOR LIVING, LLC** ) <br> **Defendant.** ) <br> ) <br> _____ ) | Case No. _____ |

**SERVE:**   CORPORATION SERVICE COMPANY
Registered Agent for Greenspring Village, Inc.
100 Shockoe Slip, Fl 2,
Richmond, VA, 23219 - 4100, USA

**SERVE:**   CORPORATION SERVICE COMPANY
Registered Agent for Erickson Senior Living, LLC
100 Shockoe Slip, Fl 2,
Richmond, VA, 23219 - 4100, USA

**COMPLAINT**

Plaintiffs Stephanie Santiago ("Santiago") and Donna Christian Galeas Umana ("Umana") (collectively "Plaintiffs"), for their Complaint against Greenspring Village, Inc. ("Greenspring") and Erickson Senior Living, LLC ("Erickson") (collectively "Defendant"), state as follows:

## INTRODUCTION

1. Wage theft is rampant in the Commonwealth of Virginia, prompting the recent adoption of new Virginia state laws designed to compensate its victims and incentivize employers' compliance with the law.

2. This is an action for violation of federal wage and hour laws by Plaintiffs, former hourly non-exempt employees of Defendant Greenspring, a Virginia corporation, and Defendant Erickson, a Maryland Corporation, which provide senior living services in the Commonwealth of Virginia and in other jurisdictions, including at 7440 Spring Village Drive, Springfield, VA 22150, the location where Plaintiffs worked for Defendants.

3. At all times during Plaintiffs' employment Defendants compelled Plaintiffs to falsify the records of their working hours for the purposes of calculating their pay. For varying periods during their employment, Defendants deducted thirty (30) minutes each workday from Plaintiffs' hours worked, ostensibly for a meal period, when in fact Plaintiffs' supervisors required Plaintiffs to work during that thirty-minute period. Plaintiffs were required to clock out for thirty (30) minutes a day even though they almost never took an uninterrupted lunch break.

4. Defendants never provided Plaintiffs with any policy or mechanism that would allow them to claim their time worked during their thirty-minute lunch period. Plaintiffs were forced to clock out for their lunch break using the Defendants' "Kronos System" even when not taking their breaks. Moreover, Plaintiffs' supervisors expressly instructed Plaintiffs to fill out "missed lunch forms" whenever they were too busy or had forgotten to clock out.

5. At all times relevant during Plaintiff's employment with Defendants, Defendants knowingly forced Plaintiffs to work unpaid hours, hours which were normally outside of their scheduled times. These unpaid wages and unpaid overtime were never recorded and were never

paid to Plaintiffs. Defendants never provided Plaintiffs, with any policy or mechanism that would allow them to claim their time worked during the periods in which Plaintiffs did not have access to the "Kronos" timekeeping system.

6. Accordingly, Defendants have failed and refused to pay Plaintiffs their straight time and overtime pay in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.* Defendant's actions as described herein were willful.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this matter under 28 U.S.C. § 1331, because this case arises under the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*

8. Venue is proper in the Eastern District of Virginia under 28 U.S.C. § 1391 (a) and (c) because all the acts complained of occurred within the Commonwealth of Virginia and the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

9. Plaintiff Santiago resides in Alexandria, Virginia. She was employed by Defendant beginning on or about April 21, 2006 and continuing until June 4, 2021.

10. Plaintiff Umana resides in Lorton, Virginia. She was employed by Defendant beginning on or about June 14, 2015, and continuing until January 22, 2021.

11. Defendant Greenspring is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business in the Commonwealth of Virginia and its primary office located at 7440 Spring Village Drive, Springfield, VA 22150.

12. Defendant Erickson is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business in the Commonwealth of Virginia and its corporate office located at 701 Maiden Choice Lane, Baltimore, Maryland, 21228

**FACTS**

13. During the periods of her employment with Defendants Plaintiff Santiago performed non-exempt, clerical services at the Defendants' primary office located at 7440 Spring Village Drive, Springfield, VA 22150. Plaintiff Santiago performed a whole host of duties as a Home Health Office Coordinator including, but not limited to billing, processing, claims, and management.

14. Plaintiff Santiago had an assigned, fixed schedule from Monday through Friday beginning at 8:30 A.M. until 5:00 P.M. Although her assigned work schedule never changed, Plaintiff Santiago was expected to be available twenty-four (24) hours a day, seven (7) days a week for Defendants. Plaintiff Santiago, upon instruction from her supervisors, was to be available when contacted by phone or SMS outside of her work schedule, even on weekends. For her work, Plaintiff Santiago was compensated at an hourly rate of $27.05 per hour.

15. Plaintiff Santiago's fixed work schedule included a built-in thirty-minute lunch break which could be taken at whatever time she chose as well as two (2) fifteen (15) minute breaks. Moreover, Plaintiff Santiago was instructed to always clock out for her lunch break using their "Kronos" time keeping system, which recorded the hours which Defendants' employees would punch in and out using their badges during the day.

16. Defendants instructed Plaintiff Santiago that she was required to stay within her assigned forty-hour work schedule using the "Kronos" timekeeping system. This instruction not only included punching in and out for her workday, but also included punching in and out for her

thirty-minute lunch break every day, regardless of whether Plaintiff Santiago had taken her lunch break.

17. Defendants' strict demand that their employees, including Plaintiffs, adhere to their forty-hour workweek required that Plaintiffs rarely, and almost never, record all their hours worked using the Defendants' "Kronos" time system. Plaintiff Santiago was constantly contacted to work in person or remotely before or after her fixed work schedule, including the weekends. Plaintiff Santiago was rarely able to accurately log her lunch breaks. Plaintiff Santiago worked through her lunch break almost every day of her employment and was still forced by Defendants to clock out using their "Kronos" system. When Plaintiff Santiago clocked out with the intention of taking a lunch break, she was always interrupted. Defendants placed Plaintiff Santiago under so much pressure to always be available that she was forced to transfer her calls to her personal cell phone when she would step out to get food for lunch, which never went uninterrupted. Moreover, when Plaintiff Santiago happened to not clock out for her lunch because she did not have time to take a break due to the unrealistic workload, her supervisors, "Veronica" and Krista "Morrison", forced her to fill out a "Missed Punch" form which was used to deduct the lunch break from Plaintiff Santiago's pay to ensure Plaintiff Santiago stayed within Defendants' required forty-hour workweek. This practice continued during Plaintiff Santiago's last ten (10) years of employment.

18. In addition to not compensating Plaintiff Santiago for her missed lunch breaks and forcing her to fraudulently misreport her "missed punches", Plaintiff Santiago was also forced to not report her work outside of her fixed schedule. Plaintiff Santiago had access to the Defendants' work system from home and Defendants required her to be available 24 hours a day. Defendants' "Kronos" time keeping system did not capture the time that Plaintiff Santiago

worked outside of her regular working hours. Plaintiff Santiago consistently worked approximately 35 hours overtime per week, overtime work for which she was seldom if ever compensated and which was rarely if ever that was rarely recorded by Defendants' timekeeping system. Plaintiff Santiago's paystubs always inaccurately reflected an eight-hour workday regardless of the hours she actually worked.

19. Defendants' abusive business practices continued even through Plaintiff Santiago's FMLA leave from September 10, 2019, through November 8, 2019 as she was contacted with questions about Defendants' systems and required to work during her FMLA leave.

20. During the periods of her employment with Defendants Plaintiff Umana performed non-exempt nursing duties at the Defendant's primary office located at 7440 Spring Village Drive, Springfield, VA 22150. Plaintiff Umana performed duties ranging from administrative to nursing as a Hospice, Home Support and Home Health Visiting Nurse.

21. Defendants assigned Plaintiff Umana a varying schedule from Monday through Friday, no less than eight (8) hours a day. In addition to her assigned working hours, Defendants expected Plaintiff Umana to be available and "on-call" a few times a month. Plaintiff Umana, upon instruction from her supervisors, was to be available when contacted by phone or SMS outside of her work schedule, even on weekends. For her work, Plaintiff Umana was compensated at an hourly rate of $37.46 per hour. Plaintiff Umana's work schedule included a built-in thirty-minute lunch break and two (2) fifteen (15) minute breaks.

22. Defendants instructed Plaintiff Umana that she was required to stay within her assigned forty-hour work schedule. This instruction not only included punching in and out for her workday, but also included punching in and out for her thirty-minute lunch break, regardless of whether Plaintiff Umana had taken her lunch break. Plaintiff Umana would often miss her lunch

break due to her patients' schedules and Defendants would force her to fill out a "Missed Punch" form for time she actually worked through her lunch.

23. Defendants' strict demand that their employees, including Plaintiffs, adhere to their forty-hour workweek required that Plaintiffs rarely, and almost never, record all their hours worked using the Defendants' "Kronos" time system. Plaintiff Umana was always required to meet a quota setting a minimum of patients and her production of notes for the corresponding patients. Although Defendants prohibited their employees from working overtime, the amount of work assigned to Defendant Umana required her to work more than forty (40) hours a week. Plaintiff Umana was forced to rarely, if ever, accurately log her time worked regularly. Almost every day, Plaintiff Umana clocked out an hour early to attempt to clock the least number of hours possible while continuing to compile her notes, call doctors, and follow up with/for her patients. Due to Defendants' overtime prohibition, Plaintiff Umana worked an average of 8.5 hours of unpaid overtime and straight time a week.

24. During their period of employment, Plaintiffs worked exclusively for Defendants.

25. The activities Plaintiffs performed are an integral part of the overall business operation of the Defendants' business.

26. Defendant Erickson was a joint employer of Plaintiffs under the test established in *Salinas v. Commercial Interiors, Inc., et al.*, 848 F.3d 125, 141-42 (4th Cir. 2017).

27. When viewed in its entirety, Plaintiffs' relationship with Defendant Erickson is that of an employee as defined by the FLSA, and Defendant Erickson is their joint employer together with Defendant Greenspring. As held in *Salinas*, "[t]he ultimate determination of joint employment must be based upon he circumstances of the whole activity." 848 F. 3d at 142 (citations omitted).

28. Defendants have systematically violated the overtime laws of the United States in at least the following ways:

    a) Defendants failed to pay Plaintiffs their overtime compensation for hours worked in excess of forty (40) hours per week; and

    b) Defendants failed to maintain accurate records of the time worked by Plaintiffs.

29. Plaintiffs regularly worked more than forty hours in almost every week they worked during their employment with Defendants.

30. Plaintiffs sustained substantial losses from Defendant's failure to pay them overtime compensation.

## COUNT I

### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT (FLSA) - OVERTIME

31. Plaintiffs reallege and incorporate by reference all previous paragraphs.

32. At all relevant times, Defendant Greenspring has been an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

33. At all relevant times Defendant Greenspring has employed Plaintiffs as "employee[s]" within the meaning of the FLSA.

34. At all relevant times, Defendant Greenspring has had gross operating revenues in excess of $500,000.

35. At all relevant times, Defendant Erickson has been an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

36. At all relevant times Defendant Erickson has employed Plaintiffs as "employee[s]" within the meaning of the FLSA.

37. At all relevant times, Defendant Erickson has had gross operating revenues in excess of $500,000.

38. At all relevant times, Plaintiffs were not exempt from the overtime wage provisions of the FLSA.

39. Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

40. At all relevant times, Defendants have willfully failed and refused to pay the Plaintiffs at time-and-a-half rates for work in excess of forty (40) hours per workweek, and under which it has willfully failed to keep records required by the FLSA, even though the Plaintiffs have been and are entitled to overtime.

41. At all relevant times, Defendant willfully, regularly, and repeatedly failed to pay Plaintiffs at the required overtime rates, one and-a-half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

42. The Department of Labor ("DOL") explains that automatic deductions are appropriate only if "the employer accurately records actual hours worked, including any work performed during the lunch period." DOL Wage & Hour Op. Ltr., No. FLSA 2007-1NA (May 14, 2007), 2007 WL 5130264 ("DOL Op. Letter"); Wage & Hour Div., U.S. Dep't of Labor, Fact Sheet #53, The Health Care Industry and Hours Worked (July 2009) ("DOL Fact Sheet"), *available at* http://www.dol.gov/whd/regs/compliance/whdfs53.pdf. The DOL emphasizes that mealtime is time during which an employee is "completely relieved" and that employers "must always . . . compensate employees for work time." DOL Op. Letter at 2. Moreover, "hours worked" is defined as "all time an employee must be on duty, on the employer premises, or at any other

prescribed place of work . . . [and] any additional time the employee is 'suffered or permitted' to work." DOL Fact Sheet at 1.

43. The burden is on the employer to ensure the employees are receiving the full meal break and are not working, either actively or inactively, during that time. *Id.* at 3 (citing 29 C.F.R. § 785.19(a) and noting that the employer must pay if the employee's meal break is "interrupted to the extent that the meal period is predominantly for the benefit of the employer"); *see* 29 C.F.R. § 785.13 ("[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so."); *Roy v. Cnty. of Lexington,* 141 F.3d 533, 544 (4th Cir. 1998) (stating that the burden rests with the employer to demonstrate entitlement to mealtime payment exemptions under the FLSA); *Johnson v. City of Columbia,* 949 F.2d 127, 129-30 (4th Cir. 1991) (same); *Abendschein v. Montgomery Cnty.,* 984 F. Supp. 356, 359 (D. Md. 1997) (same).

44. Defendants' timekeeping policies do not provide a means by which employees can accurately report time, and Defendant cannot simply abdicate responsibility for adequate compensation by shifting the burden to employees. *See Quickley v. University of Maryland Medical System Corporation*, Civil No. CCB-12-3211 (USDC, D. MD, Sept. 14, 2012). Moreover, Defendants required Plaintiffs to work through lunch despite Defendants' automatic deduction of one hour from their pay every day.

45. Plaintiffs seek damages in the amount of the unpaid overtime compensation owing, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

46. Plaintiffs seek damages in the amount of the unpaid wages compensation owing, liquidated damages as provided by the FLSA for overtime violations, attorney's fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT II

### VIOLATION OF VIRGINIA WAGE PAYMENT LAW –
### Virginia Code § 40.1-29 50.

47. Plaintiffs re-allege and incorporated by reference the allegations set forth in the preceding paragraphs.

48. Virginia Code § 40.1-29 provides that "[n]o employer shall withhold any part of the wages or salaries of any employee except for payroll, wage or withholding taxes or in accordance with law, without the written and signed authorization of the employee."

49. Virginia Code § 40.1-29 also provides that an employee shall be timely "paid all wages or salaries due to him for work performed…."

50. Virginia Code § 40.1-29 also requires that an "employer … shall provide to each employee a written statement, by a paystub or online accounting, that shows … the number of hours worked during the pay period if the employee is paid on the basis of … the number of hours worked [and] the rate of pay…. The Paystub or online accounting shall include sufficient information to enable the employee to determine how the gross and net pay were calculated."

51. Virginia Code § 40.1-29 also provides that "if an employer fails to pay wages to an employee in accordance with this section, the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees as a collective action consisted with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 216(b), against the employer in a court of competent jurisdiction to recover payment

of the wages and the court shall award the wages owed, an additional equal amount as liquidated damages, plus prejudgment interest … and reasonable attorney fees and costs."

52. Virginia Code § 40.1-29 also provides that "[i]f the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section, the court shall ward the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs."

53. Defendants violated Virginia law by knowingly failing to pay Plaintiffs their wages due for hours worked over forty in a week and knowingly failing to provide Plaintiff paystubs showing hours worked the rate of pay.

54. Plaintiffs were "employees" and Defendants were their "employers."

55. Defendants' violations of Virginia law were repeated, knowing, willful, and intentional.

WHEREFORE, Plaintiffs, pray for relief as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

B. A finding that Defendants have willfully violated the FLSA;

C. An award of damages, according to proof, including liquidated damages, to be paid by Defendants, such damages estimated based on Plaintiffs' hourly rates and hours worked;

D. Unpaid wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C § 216;

E. Unpaid wages, plus treble damages as liquidated damages, pursuant to the provisions of Virginia Code § 40.1-29 effective July 1, 2020.

F. An award of prejudgment and post-judgment interest, as provided by law;

G. An award of reasonable attorneys' fees and costs incurred; and

H. Such other and further legal and equitable relief as the Court deems necessary, just and proper.

**PLAINTIFFS ASK FOR TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,
STEPHANIE SANTIAGO and
DONNA CHRISTIAN GALEAS UMANA
By Counsel

_____/s/_____
THOMAS F. HENNESSY (VSB No. 32850)
THE HENNESSY LAW FIRM, PLLC
4015 Chain Bridge Road, Suite G
Fairfax, Virginia 22030
Phone: (703) 865-8836
Fax:    (703) 865-7633
thennessy@virginiawage.net
*Counsel for Plaintiffs*